UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK MARLOW and NANCY MARLOW, husband and wife,<br><br>                   Plaintiffs,<br><br>   v.<br><br>JOHN HOTCHKISS, in his individual capacity; STEVEN M. CLEM, in his individual capacity; ANDREW L. KOTTKAMP, in his individual capacity; KAREN M. URELIUS, in her individual capacity; GLEN A. DE VREIS, in his individual capacity; JERRY J. GREGORY, in his individual capacity; RAMON PEREZ, in his individual capacity; ANTHONY O. WRIGHT, in his individual capacity; ERIC PENTICO, in his individual capacity; GARY GRAFF, in his individual capacity; BRUCE A. ESTOK, in his individual capacity; F. DALE BAMBRICK, in his individual capacity; MARK D. KULASS, in his individual capacity; DALE L. SNYDER, in his individual capacity; KEN STANTON, in his individual capacity; STEVEN JENKINS, in his | NO: 2:15-CV-0131-TOR<br><br>ORDER GRANTING MOTION TO CONSOLIDATE |

ORDER GRANTING MOTION TO CONSOLIDATE ~ 1

| | |
|---|---|
| individual capacity; and DOES 1 through 10, inclusively in their individual capacity.<br><br>              Defendants.<br><br>---AND---<br>  v.<br><br>DALE L. SNYDER, Douglas County Commissioner; KEN STANTON, Douglas County Commissioner; STEVEN JENKINS, Douglas County Commissioner; MARK D. KULAAS, Director Land Management Services Douglas County; STEVEN M. CLEM, Attorney for Douglas County; and DOUGLAS COUNTY, a Political subdivision of the State of Washington,<br><br>              Defendants. | No. 2:15-CV-0188-TOR |

BEFORE THE COURT is Defendants' Motion to Consolidate (2:15-CV-0131-TOR, ECF No. 22). This matter was submitted without oral argument. The Court has reviewed the record and files herein, and is fully informed.

## BACKGROUND

On May 14, 2015, Plaintiffs filed a complaint in case number 2:15-CV-0131-TOR alleging a number of causes of action against the Defendants relating to real property in Douglas County, Washington. 2:15-CV-0131-TOR, ECF Nos. 1; 1-2 at 5–8. On July 21, 2015, a notice of removal was filed in case number 2:15-

ORDER GRANTING MOTION TO CONSOLIDATE ~ 2

CV-0188 invoking this Court's federal question jurisdiction over claims filed by Plaintiffs in Grant County Superior Court relating to the same real property. 2:15-CV-0188, ECF Nos. 1; 1-2 at 7–12.

On August 4, 2015, Defendants Hotchkiss, Clem, Kottkamp, De Vreis, Perez, Kulaas, Snyder, Stanton, and Jenkins moved the Court to consolidate the cases. 2:15-CV-0131-TOR, ECF No. 22. Defendants Pentico and Graff do not object to consolidation. 2:15-CV-0131-TOR, ECF No. 23. No other Defendants have responded to the motion to consolidate. Plaintiffs have opposed the motion. ECF No. 26.

## DISCUSSION

Under Federal Rule of Civil Procedure 42(a), which governs consolidation, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989). In determining whether to consolidate cases, the court should "weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Zhu*

ORDER GRANTING MOTION TO CONSOLIDATE ~ 3

1  *v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010); *see also*

2  *Huene v. United States*, 743 F.2d 703, 704 *on reh'g*, 753 F.2d 1081 (9th Cir. 1984).

3        The Court determines that consolidation of the cases is appropriate.  First,

4  the cases involve the same questions of law and fact.  In 2:15-CV-0131-TOR, the

5  Plaintiffs raise issues relating to the enforcement of land-use restrictions on their

6  property and assert that the Defendants in that case have violated the Plaintiffs'

7  constitutional rights as well as rights granted under a United States Land Patent.

8  *See* ECF No. 1; 1-2.  In 2:15-CV-0188-TOR, the Defendants to that action have

9  removed to this Court Plaintiffs' state case in which they also raise issues relating

10 to land-use restrictions and allege equal protection violations under both the federal

11 and Washington State constitutions as well as a claim of promissory estoppel.  *See*

12 ECF No. 1-2 at 13–19.  The factual allegations in each complaint are founded upon

13 the same county zoning and enforcement matters.  *Compare* 2:15-CV-0131-TOR,

14 ECF No. 1-2 at 5–8*, with* 2:15-CV-188-TOR, ECF No. 1-2 at 8–11.

15       Plaintiffs object to consolidation on the grounds that Plaintiffs sued the

16 Defendants in 2:15-CV-0131-TOR in their individual capacity whereas the

17 Defendants in 2:15-CV-188-TOR were sued in their official capacity.  2:15-CV-

18 0131-TOR, ECF No. 26 at 2.  The Court has previously addressed this contention,

19 concluding that "[b]ecause Plaintiffs' allegations arise out of a dispute involving

20 the performance of governmental functions, the state and federal employee

ORDER GRANTING MOTION TO CONSOLIDATE ~ 4

Defendants may be entitled to representation by the Washington State Attorney General and the United States Attorney, respectively." 2:15-CV-0131-TOR, ECF No. 24 at 7.

The Plaintiffs also object to consolidation based upon their contention that 2:15-CV-0131-TOR involves a claimed "jurisdictional challenge," while 2:15-CV-0188-TOR involves a claim for breach of an oral contract. 2:15-CV-0131-TOR, ECF No. 26 at 2. However, the claims need not be identical for consolidation to be appropriate. Rather, the Court must look to each matter's underlying factual allegations and assertions of legal rights and, in light the facts and rights asserted, weigh the increased convenience of consolidation against the potential for delay, confusion, and prejudice to the parties. *See Huene*, 743 F.2d at 704.

In this matter, the Court finds that consolidation will reduce delay and confusion without prejudicing the parties. Consolidation of the cases will allow the Court to hear all dispositive motions in conjunction, expediting their resolution. <u>Consolidation will also reduce confusion, particularly by allowing Plaintiffs, who act *pro se*, to focus all of their arguments and factual allegations into a single case instead of attempting to split them between two related cases.</u> Finally, consolidation will not prejudice the parties as both matters are in similar procedural postures, involve the same factual allegations, present no conflicts of

ORDER GRANTING MOTION TO CONSOLIDATE ~ 5

1 | interest, and because resolution of the cases together will ensure consistency in the
2 | findings and conclusions of the Court.
3 | **ACCORDINGLY, IT IS HEREBY ORDERED**
4 |   1. Defendants' Motion to Consolidate (2:15-CV-0131-TOR, ECF No. 22) is
5 |      **GRANTED**.
6 |   2. The cases *Marlow v. Hotchkiss et al.*, 2:15-CV-0131-TOR, and *Marlow*
7 |      *v. Snyder et al.*, 2:15-CV-0188-TOR, are **CONSOLIDATED** as 2:15-
8 |      CV-0131-TOR.  No further filings shall be made in 2:15-CV-0188-TOR,
9 |      which file shall be administratively closed.  All pleadings therein
10 |     maintain their legal relevance.  Any further pleadings received by the
11 |     Clerk of Court for case number 2:15-CV-0188-TOR shall be filed in this
12 |     consolidated case, case number 2:15-CV-0131-TOR.
13 |     The District Court Executive is hereby directed to enter this Order, provide
14 | copies to counsel, and administratively **CLOSE** 2:15-CV-0188-TOR.
15 |     **DATED** September 9, 2015.



THOMAS O. RICE
United States District Judge

ORDER GRANTING MOTION TO CONSOLIDATE ~ 6